UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOYCE GENE PRICE and SHAWN MURPHY,<br><br>  Plaintiffs,<br><br>  vs.<br><br>WYNDHAM VACATION OWNERSHIP, INC., and DOES 1–20,<br><br>  Defendants. | Case No.: 4:13-cv-05092-YGR<br><br>**ORDER REGARDING PENDING MOTION TO DISMISS OR ALTERNATIVELY, FOR MORE DEFINITE STATEMENT AND PLAINTIFFS' AMENDED COMPLAINT; AND ORDER TO SHOW CAUSE** |

On November 6, 2013, Defendant Wyndham Vacation Ownership, Inc. filed a Motion to Dismiss or Alternatively, for More Definite Statement ("Motion"). (Dkt. No. 7.) Prior to the deadline for Plaintiffs' opposition to the Motion, the case was reassigned to the undersigned. (Dkt. No. 14.) The reassignment order clearly stated that "[a]ll hearing dates presently scheduled are vacated and motions should be renoticed for hearing before the judge to whom the case has been reassigned. Briefing schedules remain unchanged." Pursuant to these instructions, Defendant filed a Revised Notice of Motion to Dismiss or Alternatively, for More Definite Statement on November 19, 2013. (Dkt. No. 16.) As an exhibit to the Revised Notice of Motion, Defendant attached an identical copy of the Motion which had been previously filed on November 6, 2013.

Plaintiffs filed a First Amended Complaint for Damages ("FAC") and an Opposition to Defendant's Motion to Dismiss or Alternatively, for More Definite Statement ("Opposition") on December 2, 2013. (Dkt. Nos. 23 & 24.) In the Opposition, Plaintiffs state that because the "instant motion" was not served until November 19, 2013, the brief was timely filed. Further,

Plaintiffs argue that under Fed. R. Civ. P. 15, they were permitted to file an amended complaint as of right on that date because it was filed within 21 days after service of the "instant motion."

The Court disagrees that Plaintiffs' filings were timely. The reassignment order explicitly provided that briefing deadlines were unchanged. Accordingly, the opposition was due on November 20. Because the operative filing of the Motion was November 6, Plaintiffs had only until November 27 to file an amended complaint. It is undisputed that the "instant motion" was served on November 6, 2013 via email through ECF. The fact that Defendant attached the *exact same Motion* as an exhibit to their Revised Notice of Motion does not constitute new service. Plaintiffs' reference to Civ. L.R. 7-7(d) in support of their argument is wholly inapposite. In addition, the "Set/Reset Deadlines" on ECF explicitly indicates that only the hearing date was re-set in ECF—the deadline of the opposition was not re-set by this entry. (*See* Dkt. entry on November 20, 2013.)

For the reasons stated above, the Court finds that Plaintiffs' Opposition and FAC are untimely. Defendant asks the Court to strike the FAC and dismiss this action without leave to amend based on Plaintiffs' failure to file a timely opposition. (Dkt. No. 25 at 4.) Based on the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, the Court declines to strike the FAC and dismiss this action at this time. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

Although untimely, the Court will deem the FAC as the operative complaint and **TERMINATES** the Motion filed on November 6, 2013 as moot. Defendant is hereby **ORDERED** to file a responsive pleading or motion within thirty (30) days of the date of this Order.

Plaintiffs are hereby **ORDERED TO SHOW CAUSE** why they should not be sanctioned in an amount reasonable to compensate Defendant for having to respond to Plaintiffs' untimely submission. The Order to Show Cause hearing will be scheduled for the date upon which Defendant's set their forthcoming motion to dismiss. If Defendant elects to file a responsive pleading rather than a motion to dismiss, Defendant shall inform the Courtroom Deputy and the Court will set a date for an Order to Show Cause hearing at that time.

When Defendant files its responsive pleading, counsel shall also file a declaration regarding attorneys' fees incurred in responding to Plaintiffs' untimely filing. Plaintiffs' counsel will be permitted to respond to Defendant's counsel's declaration. Said response shall be filed within fourteen (14) days of Defendant's counsel's declaration.

This Order terminates Dkt. No. 7.

**IT IS SO ORDERED**.

Dated: December 10, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**